UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HEWS ARK, LLC                                                                                          PLAINTIFF

v.                                               No. 5:21-CV-05090

AUTO-OWNERS INSURANCE COMPANY                                                      DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant's motion (Doc. 22) for a protective order and proposed protective order (Doc. 22-1). The motion represents that Plaintiff does not oppose entry of the proposed protective order and the parties have stipulated to its terms. The motion seeks entry of an order protecting "trade secrets or proprietary business or personal information which, if disclosed, might adversely affect the competitive position or business operations of the party producing the materials, or invade the privacy rights of any person." (Doc. 22-1, p. 1). For the reasons set forth below, the Court will GRANT the motion and enter the proposed protective order, with some amendment.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing trade secrets or other confidential commercial information. Trade secrets and confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will neither impair prosecution nor the defense of the claims as the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information. The proposed protective order also includes sensitive personal information. The Court finds good cause exists for an entry of a protecting order encompassing sensitive, personally-identifying information including, but not limited to, social security numbers, taxpayer identification numbers, and the names of minor children.

The proposed protective order will be revised to clarify that the protective order controls the use of confidential information except during trial. The protective order will clarify that parties intending to use confidential information must disclose that intent to the producing party and other parties prior to trial, and that any party who wants to restrict access to confidential information during trial must move the Court for that relief prior to trial. The protective order will also be modified to allow parties to file Confidential Material under seal without leave of the Court.

IT IS THEREFORE ORDERED that the motion (Doc. 22) for entry of a protective order is GRANTED. The Court will separately enter a revised protective order.

IT IS SO ORDERED this 17th day of August, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE